The document below is hereby signed.

Signed: September 2, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HARRISON S. FLAKKER, | ) | Case No. 14-00340 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ANTON VISHNYAK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-10033 |
| HARRISON S. FLAKKER, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

The parties have filed cross-motions for summary judgment, and the briefing has been completed, including supplemental briefing requested by this court regarding *Bullock v. Bank Champaign, N.A.*, 133 S. Ct. 1754 (2013). For the reasons discussed below, I will deny both motions.

I

The following summary is derived from facts undisputed by

the parties and from the record in this case.  In January 2007, the defendant Harrison Flakker and the plaintiffs Anton Vishnyak and Gregory Lelli entered into an agreement making them the three members of Legal Science, LLC.  In 2012, Flakker sold the primary asset of the company (a product called Caselawg) to Navigant, a corporation not party to these proceedings, and retained the proceeds.  On January 29, 2013, Vishnyak and Lelli filed a complaint in the Superior Court of the District of Columbia against Flakker and Legal Science, LLC, alleging that they breached fiduciary duties by selling Caselawg and by not distributing any of the proceeds to them.  Flakker's position was that he properly removed the plaintiffs as members before the sale pursuant to the terms of the operating agreement of Legal Science, LLC, and that he properly retained all the proceeds.  Flakker asserted counterclaims for breach of contract and tortious interference.

At trial in June 2015, the Superior Court jury found that Flakker relied in good faith on the terms of the operating agreement in connection with the sale and that he breached his fiduciary duties to Vishnyak and Lelli.  The jury awarded $22,734 in compensatory damages and no punitive damages to each plaintiff on their breach of fiduciary duty claims.  The jury also found that Lelli breached a contract with Legal Science, LLC, but did not award compensatory or punitive damages.  The jury found in

favor of the plaintiffs on Flakker's tortious interference claim.

Judge Clark subsequently ruled, in her *Order Granting, in Part, and Denying, in Part, Defendants' Motion for Judgment as a Matter of Law*:

> Reasonable jurors could conclude based on evidence at trial that Defendant's failure to pay any proceeds to Plaintiffs . . . amounted to fraud, deceit, willful misconduct, and/or wrongful taking by Defendant Flakker, notwithstanding the fact that he "relied, in good faith, on the terms of Legal Science, LLC's Operating Agreement in connection with the sale of Caselawg."  Reasonable jurors could have found that after the sale when he kept all of the proceeds from the sale to himself, he did not act in good faith. [Footnote omitted.]

Before trial, on June 6, 2014, Flakker filed a voluntary petition for bankruptcy in this court and, on November 18, 2014, was granted a discharge.  On July 24, 2014, the plaintiffs filed this adversary proceeding seeking a lift of the automatic stay to permit the Superior Court case to proceed to trial (which was granted) and, ultimately, a determination of nondischargeability because of defalcation under 11 U.S.C. § 523(a)(4).

II

The plaintiffs' motion for summary judgment argues two theories: on the evidence and by *res judicata*.  Under either theory, they seek to establish that Flakker committed defalcation when he removed the plaintiffs as members in Legal Science, LLC, and retained the proceeds of the subsequent asset sale, and that his debt to them is thus nondischargeable under § 523(a)(4).

3

A

The plaintiffs' motion, to the extent it relies on the doctrine of *res judicata*, must be denied.  To establish a defalcation claim for purposes of § 523(a)(4), plaintiffs must show that the defendant intentionally or recklessly breached a fiduciary duty.[1]  A negligent breach is not sufficient.  As the Supreme Court held in *Bullock v. Bank Champaign, N.A.*, 133 S. Ct. 1754, 1757 (2013), the term defalcation

> requires an intentional wrong.  We include as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent.  Thus, we include reckless conduct of the kind set forth in the Model Penal Code.  Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary "consciously disregards" (or is willfully blind to) "a substantial and unjustifiable risk" that his conduct will turn out to violate a fiduciary duty.  That risk "must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves *a gross deviation* from the standard of conduct that a law-abiding person would observe in the actor's situation."

(Citations omitted; emphasis in original.)

The jury in the Superior Court proceeding did not make an explicit finding regarding Flakker's state of mind when, after selling the company, he failed to distribute any of the proceeds

---

[1] In disposing of the cross-motions for summary judgment, it is unnecessary to address whether a fiduciary duty existed within the meaning of 11 U.S.C. § 523(a)(4).  Even if such a duty existed, the plaintiffs are not entitled to summary judgment.  The defendant has not moved for summary judgment on the basis that no fiduciary duty existed.

to them; the plaintiffs therefore extrapolate from the jury's finding that Flakker breached his fiduciary duty when he failed to distribute any of the proceeds to them. However, the jury instructions (filed by the plaintiffs at Docket No. 51) on breach of fiduciary duty did not require anything more than that a breach of a fiduciary duty owed and would include a negligent breach. They provided, in relevant part, that

> if you found that Defendants acted as a fiduciary, Defendants owed the following duties to Plaintiffs: Duty to act with the care of an ordinarily prudent person in a like position would exercise under similar circumstances.

As this would include a negligent breach, the jury's finding of a breach of a fiduciary duty does not suffice under *Bullock* to show defalcation for § 523(a)(4) purposes.

B

To the extent the plaintiffs also seek summary judgment based on upon evidence attached to their motion, their motion must again be denied. The evidence attached to the motion includes emails, fragments of email chains, an assignment agreement, and balance sheets and profit and loss statements for Legal Science, LLC. They attached additional documents to a supplemental brief including additional emails, a letter, the operating agreement for Legal Science, LLC, and the asset and sale agreement. None of these documents was authenticated (*e.g.*, by affidavit), and they are thus inadmissable for purposes of

5

this motion.  *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534 (D. Md. 2007).

Even if each document were properly authenticated, I would still deny summary judgment.  Pursuant to *Bullock*, the plaintiffs must establish an intentional or reckless state of mind: that the defendant knew that failure to distribute sale proceeds to the plaintiffs was improper, or that he acted recklessly with regard to whether his actions were improper.

The evidence proffered by the plaintiffs does not establish this.  For example, the plaintiffs point to two emails (Exh. 5 to their motion), each purportedly sent by the defendant to each of the plaintiffs, respectively, stating that he had "taken action to completely and to formally remove you as a member. . . . [B]y resolution you . . . are not entitled to any distributions of cash and property of the company or net proceeds upon liquidation of the company."  This shows that the defendant knew, of course, that he was removing the plaintiffs as members from the company (an action upon which was based his subsequent retaining of all proceeds from the sale).  However, it does not show that he knew his actions were improper or that he was reckless with regard to their impropriety.  Plaintiffs are mistakenly conflating one's knowledge that an action is being taken with one's knowledge that an action is improper.

Plaintiffs also point to an email (Exh. 7 to their motion)

6

purportedly from Aileen A. Pisciotta, Esq. (the defendant's attorney), to the defendant, dated February 1, 2012, which states in pertinent part:

> I also told her that we were fixing the multiple member issue for Legal Science and that you would be the only member. In fact, I am preparing for you a set of resolutions to allow you to amend your existing Operating Agreement in a way that permits you to vote to remove all of the other members (on the basis that they have abandoned their obligation as employees for at least 12 months (which I presume is true). Then we will have to make an updated filing with the state. I will forward those materials a bit later.

This email, like the first two, only shows that the defendant knew he was removing the plaintiffs as members, not that he knew the removal and the subsequent retaining of all sale proceeds were improper or that he was reckless with regard to their impropriety. The plaintiffs' other exhibits similarly fail to establish the requisite state of mind. Because the plaintiffs have proffered no evidence establishing a culpable state of mind under *Bullock,* summary judgment must be denied.[2]

III

The defendant has also filed for summary judgment under a theory of *res judicata*. He reasons that (a) an award of punitive damages requires a finding of at least recklessness, (b) the jury

---

[2] I note that it is unsurprising that the plaintiffs have difficulty establishing state of mind on a summary judgment motion. Often, the only way to establish intent is by testimony at trial to be weighed by the trier of fact. Because of this, I caution the parties to carefully consider their evidence before filing additional motions for summary judgment.

in the Superior Court action declined to award punitive damages to the plaintiffs, and therefore this establishes that (c) the jury found that the defendant's actions did not rise to the level of recklessness.  This is a failure of logic.  The jury was not required to impose punitive damages if it found the defendant's actions reckless.  The defendant quotes the following portion of the jury instruction on punitive damages (Exh. 2 to his motion):

> To award punitive damages, you must find by a preponderance of the evidence that the opposing party acted intentionally/recklessly. . . [P]unitive damages are appropriately imposed in situations where the defendant's conduct, though unintentional, has been particularly reprehensible, i.e., reckless, or motivated by malice or fraud.

However, the defendant neglects to consider the immediately preceding sentence which states, "You *may* award punitive damages to punish a party for outrageous conduct and to deter a party, and others like him/her/it/them, from engaging in similar conduct in the future."  (Emphasis added.)  If the jury made a finding of recklessness, it was permitted to impose punitive damages but not required to do so.  Therefore, the absence of an award of punitive damages cannot establish as a matter of law that the jury found that the defendant's actions were not reckless when it declined to award punitive damages against him.  Defendant cites no case to the contrary.

The defendant also points to the jury's having answered "Yes" to the interrogatory "Do you find . . . that Defendant

Harrison Flakker relied, in good faith, on the terms of Legal Science, LLC's Operating Agreement in connection with the sale of Caselawg?" The defendant argues that under the doctrine of collateral estoppel the jury's finding requires this court to hold that the defendant's breach of fiduciary duty was committed in good faith, and thus not recklessly or intentionally wrongly. I reject this argument and conclude that the jury's finding does not, as a matter of collateral estoppel, establish the defendant's right to a grant of summary judgment in this proceeding.

We do not know the extent to which the defendant relied on the Operating Agreement in connection with the sale, *i.e.*, what aspects of the sale were the subject of his reliance on the Operating Agreement. The interrogatory the jury answered was not "Do you find that Defendant Harrison Flakker relied, in good faith, on the terms of Legal Science, LLC's Operating Agreement in connection with the sale of Caselawg *as authorizing him to distribute the proceeds only to himself*?" One of the allegations of the Superior Court complaint was that the defendant failed to "[i]nclude the minority shareholders in discussions, analysis or vote as to the merits of the sale (under the Agreement the minority shareholders were entitled to vote and be heard)." The jury may have been focusing on that aspect of the complaint and found that, despite this allegation, the defendant relied in good

9

faith on the Operating Agreement as authorizing him to make the sale.  The finding of good faith reliance is too ambiguous to establish that the defendant did not act recklessly or intentionally wrongly when (as the jury found pursuant to the next interrogatory) the defendant "breached any fiduciary duties to Plaintiffs in connection with the sale of Caselawg."  The jury could have viewed the defendant as acting in good faith reliance on the Operating Agreement as authorizing him to make the sale, but to have acted recklessly in not distributing any proceeds to the plaintiffs, which, as the Superior Court noted, occurred *after* the sale.

IV

An appropriate order follows.

[Signed and dated above.]

Copies to: All counsel of record.